958 F.2d 369
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth Lyndon HARRISON, Defendant-Appellant.
 No. 91-7595.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 5, 1992.
Decided March 12, 1992.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, District Judge. (CR-90-66-5-C)
 Kenneth Lyndon Harrison, appellant pro se.
 Harry Thomas Church, Assistant United States Attorney, Charlotte, N.C., for appellee.
 W.D.N.C., 941 F.2d 1208
 VACATED AND REMANDED.
 Before DONALD RUSSELL, K.K. HALL and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 In granting Appellant's motion for rehearing of our decision in United States v. Harrison, No. 91-7595 (4th Cir. Aug. 20, 1991) (unpublished), this Court remanded the case to the district court to determine whether Harrison demonstrated excusable neglect under Fed.R.App.P. 4(b). The court determined that he did not. We vacate and remand that order with instructions.*
 
 
 2
 Harrison's conviction order was entered in the district court on December 17, 1990. He filed a motion for leave to file a late notice of appeal in April 1991. He stated in the motion that he asked his attorney about an appeal, and his attorney "said that the judge would not let me do anything about it." He continued that despite attempts to talk with his attorney by phone, he was never able to discuss the matter with him again. The district court denied the motion on the grounds that it was filed beyond the time limits of Fed.R.App.P. 4(b). Harrison noted a timely appeal from that order, and we affirmed the district court.
 
 
 3
 In his rehearing motion, Harrison filed in this Court, however, a copy of a letter that is stamped filed in the district court on January 9, 1991. The letter is not contained in the record from the district court. Harrison states in the letter, "I want to be sure that you ... know that I want to appeal both my conviction and my illegal sentence." The district court did not refer to this letter in its most recent order.
 
 
 4
 On remand, the district court determined that if Harrison's allegations that his attorney was uncooperative were construed as alleging ineffective assistance of counsel, such a claim could not be raised on direct appeal. The court continued that even if the attorney's failure constituted excusable neglect, the notice of appeal was filed months after the final judgment and the court had fully informed Harrison of his appellate rights.
 
 
 5
 A notice of appeal from a criminal judgment must be filed within ten days of entry of the judgment, but a district court may extend the time for filing a notice of appeal for thirty days upon a showing of excusable neglect-with or without a motion. Fed.R.App.P. 4(b). When a criminal defendant files a notice of appeal more than ten days after judgment, but within the thirty-day extension period, he is entitled to the opportunity to show excusable neglect. United States v. Reyes, 759 F.2d 351, 353 (4th Cir.1985). In Reyes, the Appellant indicated in writing to his attorney that he wanted to appeal five days after final judgment. The attorney noted the appeal twelve days after the judgment. Since the record itself demonstrated excusable neglect, this Court addressed the appeal on the merits.
 
 
 6
 Harrison clearly expressed his intent to appeal in his letter of January 6, 1991, and the letter was filed in the district court within the limits of Rule 4(b). Therefore, the district court should have construed the letter as a notice of appeal. The record does not, however, conclusively establish excusable neglect. Unlike Reyes, there is no indication why the January 6 letter was not timely filed. Since the district court did not address this issue or the January 1991 letter on remand from this Court, we vacate its most recent order and remand with instructions to make findings regarding the circumstances of the filing of the January 6 letter and to determine, again, whether Harrison has demonstrated excusable neglect.
 
 
 7
 VACATED AND REMANDED WITH INSTRUCTIONS.
 
 
 
 *
 We grant Harrison's motion to proceed in forma pauperis